IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| SHARON K. POSTELL,                                ) | |
|                               ) | |
| **Plaintiff,**                                           ) | |
|                               ) | **Civil Action** |
| **v.**                                                         ) | **No. 3:05-cv-73 (CAR)** |
|                               ) | |
| **GREENE COUNTY HOSPITAL AUTHORITY,**) | |
| **d/b/a MINNIE G. BOSWELL MEMORIAL**   ) | |
| **HOSPITAL, PACER HEALTH**                ) | |
| **MANAGEMENT CORPORATION OF**        ) | |
| **GEORGIA, INC., and ANITA BROWN, in her** ) | |
| **individual capacity,**                             ) | |
|                               ) | |
| **Defendants.**                                        ) | |

*ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION*

On July 20, 2006, this Court entered a text Order granting Defendant Greene County Hospital Authority's and Defendant Pacer Health Management Corporation of Georgia, Inc.'s Motion to Amend their Answer [Doc. 40] that was filed pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Plaintiff has filed the current Motion for Reconsideration [Doc. 43] asking the Court to reconsider its earlier ruling, arguing that Defendants' Motion to Amend should have been filed pursuant to Rule 16 of the Federal Rules of Civil Procedure requiring Defendants to show "good cause" why they should be granted leave to amend their answer. Plaintiff argues that pursuant to Rule 16, this Court should vacate its prior Order and deny Defendants' Motion to Amend because Defendants have failed to establish "good cause." The Court agrees that it prematurely granted Defendants' Motion to Amend under the mistaken belief it

1

was a consent motion.  Upon reconsideration of its prior Order, the Court finds that, pursuant to Rule 16(b), Defendants have failed to show good cause for the delay in filing the motion to amend their answer.

Therefore, the Court **VACATES** its prior text Order and hereby **DENIES** Defendants' Motion to Amend their Answer and Defenses [Doc. 40].  Plaintiff's Motion for Reconsideration [Doc. 43] is **GRANTED**.  Plaintiff's Reply Brief [Doc. 45] was not considered by the Court as it was filed in violation of Local Rule 7.6 governing Motions for Reconsideration and prohibiting reply briefs.  Therefore, Defendants' Motion to Strike Plaintiff's Reply Brief or in the Alternative, for Leave to File Sur-Reply Brief to Plaintiff's Motion for Reconsideration [Doc. 46] is **DENIED AS MOOT**.

## BACKGROUND

Plaintiff's complaint alleges religious discrimination claims under 42 U.S.C. § 1983 and Title VII and a retaliation claim under Title VII.  Defendants seek to amend their Answer to include five additional affirmative defenses, including that Pacer was not Plaintiff's employer under Title VII, that Pacer was not expressly named as a respondent in the EEOC charge, and that Pacer is immune from the imposition of punitive damages based upon its close symbiotic relationship with the Hospital.  Pursuant to the Court's Scheduling and Discovery Order, all motions to amend the pleadings were to be filed with this Court no later than February 28, 2006.  On July 17, 2006, almost six months past the deadline to amend and one week prior to the end of a 45 day extended discovery period, Defendants filed the motion for leave to amend their answer currently at issue before the Court.

## DISCUSSION

In reviewing motions for leave to amend, courts are guided by Rule 15(a)'s instruction that ordinarily leave is to be "freely given when justice so requires." See Fed. R. Civ. P. 15(a). However, where a party seeks leave to amend after a scheduling order deadline has expired, that party must first demonstrate "good cause" before the Court can consider whether the proposed amendments are proper under Rule 15(a). See Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1418 (11th Cir. 1998). Otherwise, scheduling order deadlines would be "meaningless and the good cause requirement articulated by Rule 16(b) would effectively be read out of the Federal Rules of Civil Procedure." Id. at 1419. Accordingly, as recently summarized,

> when a party seeks leave to amend after a scheduling order deadline has passed he must demonstrate good cause for the tardy amendment under rule 16(b) before the court may consider whether the proposed amendment is proper under Rule 15. To establish good cause the party must show that the scheduling deadlines could not have been met despite his diligence as to the matter that is the subject of the motion to amend. A finding of lack of diligence on the part of the party seeking modification ends the good cause inquiry.

United Nat'l Ins. Co. v. Owl's Nest of Pensacola Beach, Inc., 2006 WL 1653380 at *2 (N.D. Fla. 2006) (citations omitted); see also Sosa, 133 F.3d at 1419; Saewitz v. Lexington Ins. Co., 133 Fed. Appx. 695, 699 (11th Cir. 2005); Armitage v. Dolphin Plumbing and Mech., 2006 WL 1679360 at *1 (M.D. Fla. 2006).

In their motion, Defendants focus upon the liberal amendment standard set forth in Rule 15(a) of the Federal Rules of Civil Procedure. Rule 15(a) contemplates that leave to amend shall be freely given unless there is undue delay, dilatory motive or prejudice to the opposing party. See Halliburton & Assoc., Inc. v. Henderson, Few &

Co., 774 F.2d 441, 443 (11th Cir. 1985).  Plaintiff correctly counters that because Defendants' motion was filed after the deadline set by the Scheduling and Discovery Order, Defendants' must show good cause under Rule 16(b) before the Court can allow Defendants to amend.  Plaintiff argues Defendants' motion to amend their answer must be denied because they have failed to make this showing.

The Court agrees that Defendants have failed to show good cause.  Defendants have neither cited Rule 16(b) in any of their filings with the Court nor directly argued that they have good cause for filing the amendments after the scheduling order deadline.  To the contrary, Defendants simply maintain that the Court can allow the amendments pursuant to the liberal standard of Rule 15(a) and do not address the good cause standard of Rule 16 despite Plaintiff's arguments and legal citations addressing the good cause standard.  Defendants do not assert, and the Court cannot imagine, any new facts supporting the additional defenses that were not apparent at the time Defendants filed their original answer.  Defendants have clearly not shown that, despite their diligence, they could not meet the February 28, 2006 scheduling order deadline.  Defendants have failed to show diligence at all.  Furthermore, not only have Defendants failed to explain why they were unable to meet the February 28, 2006 deadline, but Defendants have also failed to explain why they were unable to file the motion before the expiration of the *extended* discovery period in order to allow Plaintiff the opportunity to conduct discovery on the additional affirmative defenses.  Finally, there is no evidence nor any argument that the information supporting the additional defenses was not available to Defendants prior to the scheduling order deadline or even prior to the expiration of

discovery. The Court finds that Defendants' attempt to amend their answer outside the time frame prescribed the scheduling order is not supported by good cause. See Saewitz, 133 Fed. Appx. at 700 (Eleventh Circuit upheld district court's denial of defendant's motion to amend for failure to establish good cause due to lack of diligence where motion filed more than six months after the scheduling order deadline); Stephens v. Georgia Dept. of Transp., 134 Fed. Appx. 320, 322 (11th Cir. 2005) (court upheld district court's denial of motion to amend complaint where motion filed over six months after the scheduling deadline order and found plaintiff's proffered reason of discovering a new theory through additional research insufficient to establish good cause); Owl's Nest, 2006 WL 1653380 at *2 (court denied motion to amend for failure to establish good cause where defendant failed to establish that it acted diligently in pursuing its motion to amend); Marco Island Cable, Inc. v. Comcast Cablevision of the South, Inc., 2006 WL 1733860 at *2 (M.D. Fla. 2006) (court denied motion to amend for failure to establish good cause for justifying delay where motion filed over five months after the scheduling order deadline and two months after end of discovery); and Anderson v. Bd. of Sch. Com'rs of Mobile County, Ala., 78 F. Supp. 2d 1266, 1268 (S.D. Ala. 1999) (court denied plaintiff's motion to amend complaint on grounds plaintiff failed to demonstrate that their failure to comply with the scheduling order deadline was supported by good cause).

Therefore, the Court **VACATES** its prior text Order granting Defendants' Motion to Amend/Correct Answer to Complaint. The Court hereby **DENIES** Defendants' Motion to Amend their Answer and Defenses [Doc. 40]. Plaintiff's Motion

for Reconsideration [Doc. 43] is **GRANTED**.  Plaintiff's Reply Brief [Doc. 45] was not considered by the Court as it was filed in violation of Local Rule 7.6 governing Motions for Reconsideration and prohibiting reply briefs.  Therefore, Defendants' Motion to Strike Plaintiff's Reply Brief or in the Alternative, for Leave to File Sur-Reply Brief to Plaintiff's Motion for Reconsideration [Doc. 46] is **DENIED AS MOOT**.

**SO ORDERED**, this the 7th day of September, 2006.

S/ C. Ashley Royal
C. ASHLEY ROYAL
United States District Judge

SSH/aeg