IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

SHARON K. POSTELL,                *

    Plaintiff             *

vs.                               *
                                            CASE NO. 3:05-CV-73 (CDL)
GREENE COUNTY HOSPITAL         *
AUTHORITY, d/b/a MINNIE G.
BOSWELL MEMORIAL HOSPITAL,        *
PACER HEALTH MANAGEMENT
CORPORATION OF GEORGIA, INC.,     *
and ANITA BROWN, in her
Individual Capacity,              *

    Defendants            *

O R D E R

On March 24, 2008, this Court granted Defendants' motion to recover attorney's fees, finding that "Plaintiff had no reasonable expectation of obtaining the relief she sought in her Complaint." (Order, March 24, 2008). On April 17, 2008, the Court held a hearing to determine the amount of attorney's fees that should be awarded. At that hearing, the parties apprised the Court that a separate fee application was pending in the Court of Appeals based upon Defendants' contention that Plaintiff's appeal of this Court's summary judgment ruling was frivolous. This Court advised the parties that it would not issue a final ruling on the fee application pending in this Court until after the Court of Appeals ruled on the fee application before it.

On June 3, 2008, the Court of Appeals denied Defendants' motion for attorney's fees on appeal, citing *Cordoba v. Dillard's, Inc.,* 419 F.3d 1169, 1180-1182 (11th Cir. 2005). Based on the Court of Appeals' denial of this motion, Plaintiff seeks reconsideration of this Court's Order granting Defendant's Motion for Attorney's Fees. (Doc. 125).

The Court recognizes that the denial of a fee application by the Court of Appeals does not automatically mean that a district court's award of attorney's fees was erroneous. However, the Court finds that in this case an award of fees by this Court and a denial of fees by the Court of Appeals are irreconcilable. The Court interprets the Court of Appeals' ruling to mean that it found that Plaintiff's appeal of this Court's summary judgment ruling was not frivolous. In other words, Plaintiff had a reasonable basis for appealing that ruling. It follows that if Plaintiff had a reasonable basis for appealing this Court's summary judgment ruling, then it likely (at least in the opinion of the Court of Appeals) had a reasonable basis for asserting the claims in the first place. Therefore, this Court finds that its previous conclusion to the contrary directly conflicts with the Court of Appeals' conclusion and requires reconsideration of that previous ruling. Accordingly, Plaintiff's Motion for Reconsideration (Doc. 125) is granted, the Court's Order of March 24, 2008 is hereby vacated, and Defendants' Motion for Attorney's Fees is now denied. The other pending motions (Docs. 118, 119) are denied as moot.

IT IS SO ORDERED, this 13th day of August, 2008.

                                                           S/Clay D. Land  
                                                             CLAY D. LAND  
                                                     UNITED STATES DISTRICT JUDGE